# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1146 | **DATE** | 4/19/2000 |
| **CASE TITLE** | Mohr et al vs. WCKG, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 8/21/2000 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 14-1) to strike is granted in part and denied in part. All fact discovery to be completed by August 21, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 2 0 2000 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KELLY MOHR and JOHN MYRON, )
)
Plaintiff, )
)
vs. ) 00 C 1146
)
WCKG, INC., a Delaware corporation, )
INFINITY BROADCASTING, )
STEVE DAHL and STEVE DAHL CO., )
d/b/a STEVE DAHL COMPANY, INC., )
)
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is the Motion to Strike of Defendants Steve Dahl ("Dahl") and Steve Dahl Co., d/b/a Steve Dahl Company, Inc. ("Dahl Co."). For the reasons set forth below, Defendants' Motion to Strike is granted in part and denied in part.

### BACKGROUND

Defendant Dahl is the host of a talk radio program broadcast by Defendant WCKG, Inc. ("WCKG"). His show is a mix of humor and talk, often presented with an irreverent and provocative viewpoint which not only delights his regular listeners, but also serves to keep Dahl and his program in the public consciousness.

The allegations of the complaint, which we are obliged to accept as true at this stage of the case, include the following. In the fall of 1999, two of Dahl's fellow employees at radio station WCKG, Plaintiffs Kelly Mohr ("Mohr") and John Myron ("Myron") (collectively "Plaintiffs") claim Dahl arranged for the taping of their conversations. At the time of the alleged taping, Mohr and Myron were co-hosts of a late night talk show at WCKG. Dahl subsequently played portions of Plaintiffs' conversations on his show four times, without their permission. Plaintiffs allege they had no forewarning their conversations were subject to being recorded, that they would be broadcast on the radio, nor did they ever consent to having their conversations taped.

Plaintiffs claim that Dahl relayed the substance of their conversation to WCKG management, resulting in the termination of Plaintiffs' employment on September 7, 1999. Plaintiffs claim they were fired for the remarks they made in their taped conversations.

Plaintiffs filed a three-count complaint seeking injunctive relief and monetary damages against Dahl, Dahl Co., WCKG, and Infinity Broadcasting, the parent corporation of WCKG. In response, Defendants filed a motion to strike portions of the complaint.

## STANDARD

The defendants' motion to strike Plaintiffs' complaint is governed by Rule 12(f) of the Federal Rules of Civil Procedure, which provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Thus, "[a]llegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." Talbot v. Robert Matthews Dist. Co., 961 F.2d 654, 664 (7th Cir. 1992).

Court are endowed with abundant discretion to to strike redundant, impertinent, immaterial or scandalous matter. 5 Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure § 1382, at 683 (2d ed.1990). The movant bears the burden under Rule 12(f). See Woodson v. Cook County Sheriff, 96 C 3864, 1996 WL 604051, at *5 (N.D.Ill. Oct.18, 1996). Motions to strike are generally not favored because of their potential dilatory nature, and the court will not strike a matter from a complaint unless it is unquestionable that it cannot have any bearing on the litigation. See id. The motion is properly denied if the allegations may contribute to a more complete understanding of the cause, or serve

some other useful purpose. See id. Should the movant meet his burden, the court "will strike only the clearly irrelevant, redundant, impertinent and prejudicial paragraphs." Id. It is with these principles in mind that we turn to the merits of the Defendant's motion.

## DISCUSSION

Plaintiff's complaint alleges: (1) violations of the Federal Wiretap Law, 18 U.S.C. § 2511, et seq. (Count I); (2) violations of the Illinois Wiretap Law, 720 ILCS § 5/14, et seq. (Count II); and (3) common law invasion of privacy (Count III). Defendants challenge the propriety of paragraphs 6, 9, 10, and 19 of the complaint. Defendants claim that the challenged paragraphs are irrelevant to the issues encapsulated in Plaintiffs' complaint.

The first challenged paragraph, number 6, reads in pertinent part:

> Mohr is married to Mark DeYoung, who was an employee of WCKG as Defendant Steve Dahl's producer for several years until WCKG discharged him in August of 1999, at Steve Dahl's insistence, while Plaintiff Mohr was eight months pregnant.

A party may introduce evidence to aid the jury in interpreting her tone. See United States v. Santos, 201 F.3d 953, 962 (7th Cir. 2000). Mohr claims that she was very emotional during the conversation because Dahl had fired her husband while she was eight months pregnant. Plaintiffs also claim paragraph 6 shows why

Mohr spoke with Myron and also why Dahl decided to surreptitiously tape the conversation. At this stage of the litigation, we do not see this statement as clearly immaterial, although as the case progresses, that conclusion may develop. Rather, it may contribute to a more complete understanding of the cause. In addition, although it may cast Dahl in a negative light to have evidence introduced that he fired Mohr's husband when she was about to have a baby, it does not mean that it runs afoul of Rule 12(f). Indeed, nothing in the statement is "redundant, impertinent, or scandalous," nor do Defendants make an argument to the contrary. Thus, we will not strike paragraph 6.

Defendants next challenge paragraph 9, which states:

Defendant Steve Dahl is a radio show talk host at WCKG. His radio show is the second most (to Howard Stern) popular talk show that the station broadcasts. His show is an imitation of a format developed by other radio show hosts such as Don Imus and Howard Stern that involves stream of consciousness conversation of life style issues in a manner that is provocative to audiences.

We believe that this paragraph is clearly irrelevant. Whether Dahl's show is the second most popular show broadcast by WCKG, and whether his show is an imitation of show formats developed by Imus and Stern do not impact whether Dahl committed the acts alleged in the complaint. Rather, the allegations have no bearing on the case. Paragraph 9 shall be stricken.

The next challenged allegation is Paragraph 10, which states "Dahl has a history of making offensive, outrageous and derogatory on-the-air references to persons so as to stir up controversy." This statement does not directly bear on whether Dahl invaded Plaintiffs' privacy by taping their conversation, but it does bear on the knowledge of WCKG, Inc. with respect to the content of Dahl's material and its tolerance of it. As such, it cannot be said to be improper pleading.

The final challenged paragraph is number 19, which states "[Steve Dahl's] executive producer, Mark De Young, an employee of WCKG, was Plaintiff Mohr's husband." This allegation is already part of paragraph 6, which we have permitted to stand. It is, at most, only mildly redundant and may stand.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike is granted in part and denied in part.

Charles P. Kocoras
United States District Judge

Dated: April 19, 2000